UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONEC HOLDING AG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. _____ |
| | : | |
| MOTOROLA MOBILITY, INC., | : | |
| SAMSUNG ELECTRONICS AMERICA, | : | JURY TRIAL DEMANDED |
| INC., SAMSUNG ELECTRONICS, INC., | : | |
| HTC CORP., HTC AMERICA, INC., | : | |
| and EXEDEA, INC. | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Monec Holding AG ("MONEC"), by and through its undersigned counsel, as and for its Complaint for patent infringement against defendants Motorola Mobility, Inc. ("Motorola Mobility"), Samsung Electronics America, Inc. ("SEA"), Samsung Electronics, Inc., ("Samsung Electronics") (SEA and Samsung Electronics are collectively referred to herein as the "Samsung Defendants"), HTC Corp., ("HTC"), HTC America, Inc., ("HTC America"), and Exedea, Inc. (Exedea") (HTC, HTC America, and Exedea are collectively referred to herein as the "HTC Defendants") alleges as follows:

## THE PARTIES

1.     MONEC is a corporation organized and existing under the laws of Switzerland with a principal place of business located at Galgenfeldweg 18 CH-3006 Berne Switzerland.

2.     Upon information and belief, Motorola Mobility is a corporation organized under the laws of the State of Delaware with a principal place of business located at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility is in the business of designing,

manufacturing, and selling, among other things, smartphones and tablet computers, throughout the United States.

3.    Upon information and belief Samsung Electronics is a corporation organized under the laws of Korea, with its principal place of business located at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742. Upon further information and belief Samsung Eletronics is the parent of SEA. Samsung Electronics is in the business of designing, manufacturing, importing into the United States, and selling, among other things, smartphones and tablet computers, throughout the United States.

4.    Upon information and belief, SEA is a Corporation organized under the laws of the State of New York with a principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Upon further information and belief SEA is a direct and wholly owned subsidiary of Samsung Electronics. SEA markets and sells, among other things, smartphones and tablet computers, throughout the United States.

5.    Upon Information and belief HTC is a corporation organized under the laws of Taiwan with its principal place of business located at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. Upon further information and belief HTC is the parent of HTC America and Exedea. HTC is in the business of designing, manufacturing, importing into the United States, and selling, among other things, smartphones and tablet computers, throughout the United States.

6.    Upon information and belief HTC America is a corporation organized under the laws of the State of Texas with a principal place of business located at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. Upon further information and belief HTC America is a subsidiary of HTC. HTC America supports HTC's United States operations by, among other things, marketing and selling smartphones and tablet computers, throughout the United States.

7.     Upon information and belief Exedea is a corporation organized under the laws of the state of Texas, with a principal place of business located at 5950 Corporate Drive, Houston, Texas 77036. Upon further information and belief Exedea is a subsidiary of HTC. Exedea is in the business of importing, selling, and distributing mobile communication devices in the United States.

## JURISDICTION AND VENUE

8.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Motorola Mobility, the Samsung Defendants and the HTC Defendants (collectively, "Defendants") because Defendants have established minimum contacts with the forum state of Delaware. Defendants, either directly or through third-parties, manufacture and assemble products that are and have been offered for sale, sold, purchased and used within the state of Delaware. In addition, Defendants regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Accordingly, Defendants have purposefully availed themselves of the benefits of the state of Delaware and the exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b) inasmuch as each Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including offering for sale, making sales and providing service and support to their respective customers with respect to certain of Defendants' respective products which infringe one or more claims of United States Patent No. 6,335,678.

## FACTS COMMON TO ALL COUNTS

11.    MONEC is a leading innovator for mobile, globally usable communication solutions.

12.    MONEC is the innovator of a unitary, flat, and frame-shaped electronic mobile network computing device with virtual keyboard capability, which allows for multiple uses including internet access, email retrieval, videoconferencing, navigation, and book procurement, named the Voyager, which sold in Europe circa 2000.

13.    MONEC invests in the development and marketing of technology utilized for the transmission of data to mobile electronic communication systems.

14.    On January 1, 2002, United States Patent No. 6,335,678 (the " '678 Patent"), entitled ELECTRONIC DEVICE, PREFERABLY AN ELECTRONIC BOOK, duly and legally issued to Theodor Heutschi. MONEC is the owner by assignment of the '678 Patent. A true and correct copy of the '678 Patent is attached hereto as Exhibit A.

15.    A request for Ex Parte Reexamination of the '678 Patent was filed on November 12, 2009.

16.    The United States Patent and Trademark Office issued, on May 10, 2011, an Ex Parte Reexamination Certificate to MONEC, as assignee of Theodor Heutschi. A true and correct copy of the Ex Parte Reexamination Certificate is attached hereto as Exhibit B.

17.    Reexamined '678 Patent embodiments include a generally flat electronic device housing a processing system to communicate, store, interact with and display digital media transferred from a peripheral device over a multiband radio network station incorporating a GSM/SIM chip and manipulated by various input means, including a touch-screen.

18.     By virtue of the assignment of the '678 Patent from Theodor Heutschi to MONEC, MONEC owns the entire right, title, and interest in and to the '678 Patent, including the right to bring this action.

19.     The Reexamined '678 Patent is valid and enforceable.

20.     Assuming the payment of all maintenance fees, the Reexamined '678 Patent will expire on February 20, 2019.

**COUNT I**
**Infringement of United States Patent No. 6,335,678 Against Motorola Mobility**

21.     MONEC repeats and realleges the allegations of paragraphs 1-20 as if set forth at length herein.

22.     Motorola Mobility manufactures, markets and/or sells smartphones and tablet computers in this judicial district and throughout the United States.

23.     The smartphones made, used, sold, and/or offered for sale by Motorola Mobility include, among others, the 4G Atrix.

24.     The 4G Atrix infringes one or more claims, including claim 1, of the Reexamined '678 Patent.

25.     Motorola Mobility also imports, makes, uses, sells, and/or offers for sale tablet computers, including the Motorola Xoom.

26.     Upon information and belief, Motorola Mobility presently offers and advertises upgrades to its existing Motorola Xoom tablet computers which upgrades result in the Motorola Xoom infringing one or more claims, including claim 1, of the Reexamined '678 Patent.

27.     Upon information and belief, in addition to the 4G Atrix and the Xoom, one or more other products imported into the United States, made, used, sold, and/or offered for sale by

Motorola Mobility (collectively the "Motorola Infringing Products") in Delaware and throughout United States, infringe one or more claims, including claim 1, of the Reexamined '678 Patent.

28.    Motorola Mobility is, and has been, making, using, selling, offering for sale, and/or importing the Motorola Infringing Products, alone and/or in combination with other Motorola Mobility products and services, within Delaware and elsewhere in the United States without authority or license of the Reexamined '678 Patent.

29.    Upon information and belief, Motorola Mobility has contributed to and/or induced and will continue to contribute to and/or induce the infringement of the Reexamined '678 Patent by others in Delaware and elsewhere in the United States.

30.    Upon information and belief, Motorola Mobility's infringement of the Reexamined '678 Patent has been and continues to be willful, entitling MONEC to enhanced damages pursuant to 35 U.S.C. § 284.

31.    As a result of Motorola Mobility's infringement of the Reexamined '678 Patent, MONEC has suffered injury to its business and property in an amount to be determined, and will continue to suffer damages in the future.

32.    Unless an injunction is issued enjoining Motorola Mobility and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the Reexamined '678 Patent, MONEC will be irreparably harmed.

33.    MONEC has no adequate remedy at law.

34.    Upon information and belief, with full knowledge of the '678 Patent, Motorola Mobility willfully and wantonly infringed the Reexamined '678 Patent in deliberate and intentional disregard of MONEC's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

<u>**COUNT II**</u>
<u>**Infringement of United States Patent No. 6,335,678 Against the Samsung Defendants**</u>

35.     MONEC repeats and realleges the allegations of paragraphs 1-34 as if set forth at length herein.

36.     Upon information and belief Samsung Electronics is the parent of SEA.  Upon further information and belief, Samsung Electronics makes, uses, sells, offers for sale and/or imports into the United States smartphones and tablet computers, which are used, sold, and offered for sale in Delaware and throughout the United States.

37.     Upon information and belief SEA is a subsidiary of Samsung Electronics.  SEA makes, uses, sells, offers for sale, and/or imports smartphones and tablet computers in Delaware and throughout the United States.

38.     The smartphones made, used, sold, offered for sale, and/or imported in the United States by the Samsung Defendants include, among others, the Infuse 4G.

39.     The Samsung Defendants also make, use, sell, offer for sale, and/or import tablet computers, including the Galaxy Tab.

40.     Both the Infuse 4G smartphone and the Galaxy Tab infringe one or more claims, including claim 1, of the Reexamined '678 Patent.

41.     Upon information and belief, in addition to the Infuse 4G smartphone and Galaxy Tab, one or more other products imported into the United States, made, used, sold, offered for sale, and/or imported by the Samsung Defendants (collectively the "Samsung Infringing Products") in Delaware and throughout United States, infringe one or more claims, including claim 1, of the Reexamined '678 Patent.

42.     The Samsung Defendants are, and have been, making, using, selling, offering for sale, and/or importing the Samsung Infringing Products, alone and/or in combination with other

products and services, within Delaware and elsewhere in the United States without authority or license of the Reexamined '678 Patent.

43. Upon information and belief, the Samsung Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the Reexamined '678 Patent by others in Delaware and elsewhere in the United States.

44. Upon information and belief, the Samsung Defendants infringement of the Reexamined '678 Patent has been and continues to be willful, entitling MONEC to enhanced damages pursuant to 35 U.S.C. § 284.

45. As a result of the Samsung Defendants infringement of the Reexamined '678 Patent, MONEC has suffered injury to its business and property in an amount to be determined, and will continue to suffer damages in the future.

46. Unless an injunction is issued enjoining the Samsung Defendants and their respective officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the Reexamined '678 Patent, MONEC will be irreparably harmed.

47. MONEC has no adequate remedy at law.

48. Upon information and belief, with full knowledge of the '678 Patent, the Samsung Defendants willfully and wantonly infringed the Reexamined '678 Patent in deliberate and intentional disregard of MONEC's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III
### Infringement of United States Patent No. 6,335,678 Against The HTC Defendants

49.    MONEC repeats and realleges the allegations of paragraphs 1-48 as if set forth at length herein.

50.    Upon information and belief HTC Corp. is the parent of HTC America and Exedea.

51.    HTC Corp. makes, uses, sells, offers for sale and/or imports into the United States smartphones and tablet computers, which are used, sold, and/or offered for sale in Delaware and throughout the United States.

52.    Upon information and belief HTC America is a subsidiary of HTC Corp.

53.    HTC America markets, sells, and/or offers for sale smartphones and tablet computers, in Delaware and throughout United States.

54.    Upon information and belief Exedea is a subsidiary of HTC.

55.    Exedea imports into the United States HTC smartphones and tablet computers and sells and/or offers sale of said smartphones and tablet computers in Delaware and throughout the United States.

56.    The smartphones made, used, sold, offered for sale, and/or imported into the United States by the HTC Defendants include, among others, the ThunderBolt smartphone.

57.    The HTC Defendants also make, use, sell, offer for sale, and/or import tablet computers, including the Jetstream.

58.    Both the ThunderBolt smartphone and the Jetstream tablet computer infringe one or more claims, including claim 1, of the Reexamined '678 Patent.

59.    Upon information and belief, in addition to the ThunderBolt smartphone and the Jetstream tablet computer, one or more other products manufactured, marketed, sold, offered for sale, and/or imported by the HTC Defendants (collectively the "HTC Infringing Products") in

Delaware and throughout the United States, infringe one or more claims, including claim 1, of the Reexamined '678 Patent.

60.     The HTC Defendants are and have been making, using, selling, offering for sale, and/or importing the HTC Infringing Products, alone and/or in combination with other HTC products and services, within Delaware and elsewhere in the United States without authority or license of the Reexamined '678 Patent.

61.     Upon information and belief, the HTC Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the Reexamined '678 Patent by others in Delaware and elsewhere in the United States.

62.     Upon information and belief, the HTC Defendants' infringement of the Reexamined '678 Patent has been and continues to be willful, entitling MONEC to enhanced damages pursuant to 35 U.S.C. § 284.

63.     As a result of the HTC Defendants' infringement of the '678 Patent, MONEC has suffered injury to its business and property in an amount to be determined, and will continue to suffer damages in the future.

64.     Unless an injunction is issued enjoining the HTC Defendants and their respective officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the Reexamined '678 Patent, MONEC will be irreparably harmed.

65.     MONEC has no adequate remedy at law.

66.     Upon information and belief, with full knowledge of the '678 Patent, the HTC Defendants willfully and wantonly infringed the Reexamined '678 Patent in deliberate and

intentional disregard of MONEC'S rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## JURY DEMAND

MONEC demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, MONEC prays for judgment and relief as follows:

A.     A declaration that Motorola Mobility, Inc. has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of Reexamined U.S. Patent No. 6,335,678 (the "Patent-in-Suit");

B.     A declaration that Samsung Electronics has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of the Patent-in-Suit;

C.     A declaration that Samsung Electronics America has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of the Patent-in-Suit;

D.     A declaration that HTC Corp. has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of the Patent-in-Suit;

E.     A declaration that HTC America has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of the Patent-in-Suit;

F.     A declaration that Exedea, Inc. has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of one or more valid and enforceable claims of the Patent-in-Suit;

G.     A preliminary and permanent injunction enjoining Motorola Mobility, Inc., its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

H.     A preliminary and permanent injunction enjoining Samsung Electronics, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

I.     A preliminary and permanent injunction enjoining Samsung Electronics America, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

J.     A preliminary and permanent injunction enjoining HTC Corp., its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

K.     A preliminary and permanent injunction enjoining HTC Corp. America, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

L.  A preliminary and permanent injunction enjoining Exedea, Inc, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patent-in-Suit;

M.  An award of damages in favor of MONEC and against Motorola Mobility, Inc. sufficient to fully compensate MONEC for Motorola Mobility, Inc.'s infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

N.  An award of damages in favor of MONEC and against Samsung Electronics sufficient to fully compensate MONEC for Samsung Electronic's infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

O.  An award of damages in favor of MONEC and against Samsung Electronics America sufficient to fully compensate MONEC for Samsung Electronic America's infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

P.  An award of damages in favor of MONEC and against HTC Corp. sufficient to fully compensate MONEC for HTC Corp.'s infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

Q.  An award of damages in favor of MONEC and against HTC America sufficient to fully compensate MONEC for HTC America's infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

R.  An award of damages in favor of MONEC and against Exedea, Inc. sufficient to fully compensate MONEC for Exedea, Inc.'s infringement of the Patent-in-Suit, and an assessment of prejudgment interest and post-judgment interest;

S.     A finding by the Court that Motorola Mobility, Inc.'s infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

T.     A finding by the Court that Samsung Electronics' infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

U.     A finding by the Court that Samsung Electronics America's infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

V.     A finding by the Court that HTC Corp.'s infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

W.     A finding by the Court that HTC America's infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

X.     A finding by the Court that Exedea's infringement of the Patent-in-Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

Y.     Trebling the compensatory damages due MONEC;

Z.     A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to MONEC of its attorneys' fees, costs and expenses in this action;

AA.     An order: (1) directing each of Motorola Mobility, Inc., Samsung Electronics, Samsung Electronics, Inc, HTC Corp., HTC America, and Exedea, Inc. to file with this Court and serve upon MONEC within 30 days of service of the injunction, a report, in writing and under oath, setting forth in detail the manner in which each of Motorola Mobility, Inc., Samsung Electronics, Samsung Electronics, Inc, HTC Corp., HTC America, and Exedea, Inc. has

complied with the injunction and any further orders of the Court; (2) directing each of Motorola Mobility, Inc., Samsung Electronics, Samsung Electronics, Inc, HTC Corp., HTC America, and Exedea, Inc. account for all benefits and monies realized as a result of their respectful wrongful conduct; and (3) upon production of such accounting, rendering judgment against each of Motorola Mobility, Inc., Samsung Electronics, Samsung Electronics, Inc, HTC Corp., HTC America, and Exedea, Inc. for the amount shown due and the cost of accounting;

BB.    A constructive trust be imposed on all proceeds, assets, and benefits accruing to each of Motorola Mobility, Inc., Samsung Electronics, Samsung Electronics, Inc, HTC Corp., HTC America, and Exedea, Inc. as a result of their respective wrongful conduct.

CC.    Such other and further relief as the Court deems just and equitable.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
E-mail: dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300

Attorneys for Monec Holding AG

OF COUNSEL:

KELLEY DRYE & WARREN LLP
Steven J. Moore
E-mail: smoore@kelleydrye.com
400 Atlantic Street
Stamford, CT 06901

Dated:  September 9, 2011