IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONEC HOLDING AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-798 (LPS) |
| | ) | |
| MOTOROLA MOBILITY, INC., SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC.; | ) | |
| SAMSUNG ELECTRONICS, CO., LTD., | ) | |
| HTC CORP., HTC AMERICA, INC. and | ) | |
| EXEDEA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Motorola Mobility, Inc.*

FISH & RICHARDSON P.C.
Douglas E. McCann (#3852)
Linhong Zhang (#5083)
222 Delaware Avenue
P.O. Box 1114
Wilmington, DE 19899
dmccann@fr.com
lwzhang@fr.com
(302) 652-5070

*Attorneys for Samsung Electronics America, Inc.
and Samsung Electronics Co., Ltd.*

February 16, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com

*Attorneys for HTC Corp., HTC America, Inc.
and Exedea, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................1

    I.     MONEC FAILS TO APPLY THE CONTEMPORARY LEGAL
         STANDARD GOVERNING THE SUFFICIENCY OF
         PLEADINGS ......................................................................................................1

    II.    MONEC FAILS TO PLAUSIBILY ALLEGE KNOWLEDGE OF
         THE REEXAMINED '678 PATENT......................................................................3

    III.   MONEC FAILS TO ADEQUATELY PLEAD THE OTHER
         REQUIRED ELEMENTS FOR INDIRECT INFRINGEMENT ...........................6

         A.     MONEC Fails to State A Plausible Claim of Induced
              Infringement........................................................................................6

         B.     MONEC Fails to State A Plausible Claim of Contributory
              Infringement........................................................................................8

    IV.   MONEC FAILS TO STATE A PLAUSIBLE CLAIM OF
         WILLFUL INFRINGEMENT ...............................................................................9

CONCLUSION...........................................................................................................................10

# TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Air Vent, Inc. v. Owens Corning Corp.*,
    No. 10-1699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ....................................................7

*Apeldyn Corp. v. AU Optronics Corp.*,
    F. Supp. 2d, No. 08-568, 2011 WL 5552520 (D. Del. Nov. 15, 2011) ................................4, 5

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................1, 2, 3, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................1, 2, 3, 8

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
    No. 10-3428, 2011 WL 1044899 (N.D. Cal. Mar. 23, 2011) ..................................................7

*Conley v. Gibson*,
    355 U.S. 41 (1957) ...................................................................................................................2

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
    802 F. Supp. 2d 527 (D. Del. 2011) ....................................................................................3, 4

*Finjan, Inc. v. McAfee, Inc.*,
    No. 10-593, slip op. at 2 (D. Del. Jan. 24, 2012) (Exhibit A) ..............................................7, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) ............................................................................................................3

*Graves v. Lowery*,
    117 F.3d 723, 726 (3d Cir. 1997) ...........................................................................................1

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    695 F. Supp. 2d 680 (S.D. Ohio 2010) ...................................................................................8

*In re Seagate Technology, LLC*,
    497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) ...................................................................6

*Investpic, LLC v. FactSet Research Systems, Inc.*,
    No. 10-1028, 2011 WL 4591078 (D. Del. Sept. 30, 2011) .....................................................4

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ........................................................................................6

*McZeal v. Sprint Nextel Corp.*
    591 F.3d 1354 (Fed. Cir. 2007) ..............................................................................................2

*Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*,
   No. 09-948, 2011 WL 665439 (E.D. Wisc. Feb. 14, 2011) ......................................................9

*ONDEO Nalco Co. v. EKA Chems., Inc.*,
   No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) ........................................................9

*Rovi Corp. v. Hulu, LLC*,
   No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) ..................................................2, 7, 8, 9

*Sony Corp. v. LG Electronics U.S.A., Inc.*,
   768 F. Supp. 2d 1058 (C.D. Cal. 2011) ..................................................................................8

*TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*,
   No. 00-432, 2002 WL 484838 (D. Del. Mar. 7, 2002) ........................................................7, 9

*Tyco Fire Prods. LP v. Victaulic Co.*,
   777 F. Supp. 2d 893 (E.D. Pa. 2011) ..................................................................................2

*Via Vadis, LLC v. Skype, Inc.*,
   No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ................................................... Passim

## RULES AND STATUTES

35 U.S.C. § 285 ..............................................................................................................9

35 U.S.C. § 287 ..............................................................................................................4

## INTRODUCTION

Indirect and willful infringement are not claims that every plaintiff is entitled to make.  They each require allegations of knowledge of the patent, and specific intent to infringe or objective recklessness.  These, in turn, require plausible factual allegations.  Here, MONEC has alleged no such facts.  Instead, it concocts a story in which each Defendant "must have known" of its assertion of the '678 Patent against Apple in litigation in which they were not involved, and that they therefore "knew" their activities would cause infringement of the Reexamined '678 Patent and "specifically intended" that infringement to happen, even though the court in the Apple litigation granted summary judgment of non-infringement, and even though the Reexamined '678 Patent did not issue until well after that litigation concluded.  Those are not plausible facts.  They are a fiction that a plaintiff without plausible facts contrived.  The consequence of not having plausible facts should be dismissal of the improperly pled claims, not that MONEC be permitted to impose expensive litigation on this Court or on Defendants in what at best could only be a fishing expedition.

## ARGUMENT

### I.   MONEC FAILS TO APPLY THE CONTEMPORARY LEGAL STANDARD GOVERNING THE SUFFICIENCY OF PLEADINGS

Despite acknowledging that a plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (D.I. 45 at 4 (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009); also citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))), MONEC argues for a lesser pleading standard. MONEC cites *Graves v. Lowery* for the proposition that courts should not dismiss claims "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."  117 F.3d 723, 726 (3d Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  However, this case simply does not reflect the recent "sea change in the pleading practices in federal court" caused by *Twombly* and *Iqbal*.  *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 895 (E.D. Pa. 2011).  As the *Tyco* court noted, the "Supreme Court's decisions in *Twombly* and *Iqbal* . . . have drastically reshaped" the principles of pleading such that a complaint must now "contain sufficient factual allegations to state a facially plausible claim for relief."  *Id.* at 898 (citing *Twombly*, 550 U.S. at 555) (finding that *Twombly* "dispens[ed] with *Conley's* 'no set of facts' test").

MONEC further cites to *McZeal v. Sprint Nextel Corp.* 591 F.3d 1354, 1357 (Fed. Cir. 2007), for the proposition that a "plaintiff need only provide enough detail to afford the opposing party notice of what it will be obligated to defend," and attempts to avail itself of Form 18.  (D.I. 45 at 5).  As this Court recently recognized, however, this broad statement in *McZeal* is "irreconcilable with *Twombly* and *Iqbal*," and recent Third Circuit law "clearly warrants a more factual pleading."  *Rovi Corp. v. Hulu, LLC,* No. 11-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012); *Via Vadis, LLC v. Skype, Inc.*, No. 11-507, 2012 WL 261367, at *3 (D. Del. Jan. 27, 2012).

Finally, MONEC agrees that it must allege "enough facts to state a claim to relief that is ***plausible*** on its face," but its First Amended Complaint ("FAC") does not do so.  (D.I. 45 at 4 (emphasis in original)).  Instead, that complaint is limited to implausible allegations that Defendants ***should have known*** of the Reexamined '678 Patent, and does not provide any facts at all to support any of the other elements of indirect infringement.

## II.    MONEC FAILS TO PLAUSIBILY ALLEGE KNOWLEDGE OF THE REEXAMINED '678 PATENT

MONEC argues that it has "at least alleged sufficient facts for the Court to infer that each of the Defendants plausibly had *constructive* knowledge of the '678 Patent, and by extension the reexamined '678 Patent."[1]  (D.I. 45 at 8).  Indirect infringement, however, requires *actual* (not constructive) knowledge of the exact patent-in-suit (not a relative thereto "by extension"), or at least willful blindness (which is equivalent to actual knowledge).  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011) (requiring actual knowledge or willful blindness, which is "in effect … actual knowledge").[2]  Ultimately, under either standard, MONEC simply has not plausibly alleged knowledge of the Reexamined '678 Patent because its allegations are either wholly conclusory,[3] or so speculative that they raise nothing more than the "mere possibility" of knowledge.  *Iqbal*, 129 S. Ct. at 1949-50.

---

[1]    Emphasis added to quotation unless otherwise noted.

[2]    Even if constructive knowledge were the standard, MONEC still would have to allege sufficient facts to push its claim of knowledge "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 n.6 (D. Del. 2011) (finding that even if the constructive knowledge standard urged by plaintiff applied, plaintiff's allegations "lack[ed] sufficient factual support").

[3]    For instance, MONEC alleges: (1) "Upon information and belief the [Defendants] had actual and constructive knowledge of the '678 Patent, and the Reexamined '678 Patent"; and (2) "Upon information and belief, and with full knowledge of the '678 Patent as reexamined, [the Defendants] willfully and wantonly infringed." (*See, e.g.*, D.I. 34 ¶¶ 36, 45).  MONEC cannot satisfy its pleading requirements with such conclusory statements. MONEC also sets up, and knocks down, a straw man argument that it is not permitted to plead "upon information and belief."  (D.I. 45 at 8-9).  Defendants did not contest MONEC's ability to plead "upon information and belief."  Although *factual allegations* are not inherently suspect when made "upon information and belief," the facts alleged must be plausible.  MONEC pleads only conclusory statements, rather than *facts*, "upon information and belief."

MONEC's speculative allegations are nearly identical to the "transitive knowledge theory" that this Court recently rejected. *Apeldyn Corp. v. AU Optronics Corp.*, F. Supp. 2d, No. 08-568, 2011 WL 5552520, at *9 (D. Del. Nov. 15, 2011); *see also EON*, 802 F. Supp. 2d at 533-34 (finding that "the link between the . . . patent and defendants . . . [was] too tenuous to sustain an allegation of knowledge").[4]  Specifically, MONEC's "transitive knowledge theory" is that each Defendant: (1) has litigated against and competes with Apple (primarily in the smart phone market); (2) because of that competition, should have learned of the pre-reexamination '678 Patent which MONEC asserted against Apple's competing smart phone (the iPhone) in litigation in which Defendants were not involved; and (3) should later have discovered the Reexamined '678 Patent.  (D.I. 45 at 7-8).

MONEC argues, with no support, that the pool of patents for which Defendants have constructive knowledge under its theory is relatively small because, according to MONEC (not any case or law), Defendants purportedly only need to know of patents fitting criteria MONEC has created.[5]  (D.I. 45 at 9-10) (arguing that there is "no pool of . . . patents for Defendants to wade through").  For instance, MONEC seeks to limit the pool to only "Apple's litigations that could [a]ffect Defendants' respective business." (D.I. 45 at 7-8 n.2).  Importantly,

---

[4]      MONEC cites *Investpic, LLC v. FactSet Research Systems, Inc.*, No. 10-1028, 2011 WL 4591078, at *1-2 (D. Del. Sept. 30, 2011) for the proposition that "factual assertion[s] about public disclosure… support an inference of individual knowledge."  (D.I. 45 at 7). *Investpic*, however, is distinguishable because the plaintiff there had alleged that (1) the patent was "well-known in the industry, having been cited by at least 79 issued U.S. patents since 2001," and (2) the plaintiff sold products in the "U.S. public marketplace" and marked those products in "compliance [with] 35 U.S.C. § 287."  *Id.* at *2.  MONEC makes no such allegations here.

[5]      MONEC attempts to limit constructive knowledge to those patents (1) asserted against competitors, (2) asserted against products in "one of the [Defendant's] primary areas" of competition which could thus affect the Defendants' business, and (3) asserted against a competitor with whom the defendant has also been litigating.  (D.I. 45 at 7-8 & n.2).

however, the FAC does not include such restrictions. (*See* D.I. 34 ¶¶ 40, 66, 95).  Moreover, even if such limitations were accepted, a party would still have to "wade through" not only the more than 200 patent lawsuits in which Apple admittedly has been involved, and review all patents asserted therein, but also those litigations involving all other primary competitors, to determine which litigations and patents "could [a]ffect Defendants' respective business." Constructive notice is not so expansive.  This approach has, rightfully, been rejected by this Court.  *Apeldyn*, 2011 WL 5552520, at *9 ("***There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases by such an extrapolation***.").

After attempting to limit the scope of its pleadings regarding monitoring litigation, MONEC then attempts to extend the concept of monitoring ***litigation*** to monitoring ***reexamination***.   MONEC does this by arguing that Defendants, in its mind, would have "inquire[d]" into the reexamination to determine whether their actions ***also*** infringed the reexamined claims.  (D.I. 45 at 8).  This reasoning is based on the faulty assumption that Defendants would have initially determined that their products infringed the original '678 Patent. (*Id.*).  Again, neither the law nor the facts supports this theory.  When the reexamination request was filed, Judge Brinkema had ***already granted*** Apple's motion for summary judgment of ***non***-infringement and denied MONEC's motion for reconsideration.[6]  Accordingly, Defendants would have no reason to "inquire" about reexamination of the '678 Patent at the time the request

---

[6]     Apple's motion for summary judgment of non-infringement was granted on July 17, 2009 (D.I. 43 Ex. B), and MONEC's motion for reconsideration was denied on August 21, 2009 (Order, *MONEC Holding AG v. Apple Inc.*, No. 1:09-312 (E.D. Va. Aug. 21, 2009), D.I. 85 (Supp. Decl. Ex. G)), while reexamination was not requested until November 12, 2009 (D.I. 1 Ex. B).

was filed.[7]  Defendants also would have had no reason to "inquire" about reexamination of the

'678 Patent when the reexamination proceedings were completed because those proceedings did

not conclude until long after the Apple litigation had ended.[8]   That the Order granting summary

judgment was subsequently vacated due to the parties' settlement does not alter this outcome.

In sum, based on the pleadings, MONEC effectively encourages this Court to

impose an affirmative duty on market participants to (1) monitor each competitor's litigation, (2)

***actively*** seek out reexamination proceedings of patents involved in competitors' litigations, and

then (3) monitor those reexamination proceedings even well after termination of the

corresponding litigation proceedings, else subject each such participant to claims of indirect and

willful infringement.  Defendants submit that such a duty does not and should not exist and is at

odds with Federal Circuit precedent.[9]

### III.   MONEC FAILS TO ADEQUATELY PLEAD THE OTHER REQUIRED ELEMENTS FOR INDIRECT INFRINGEMENT

#### A.   MONEC Fails to State A Plausible Claim of Induced Infringement

Even assuming that MONEC had adequately alleged knowledge of the

Reexamined '678 Patent (which it has not), it has not pled, nor alleged sufficient facts, to support

a plausible claim that Defendants had knowledge that their activities would cause infringement

or that they specifically intended others to infringe by their activities.  *Mallinckrodt Inc. v. E-Z-*

---

[7]     Furthermore, because claims can only become narrower during reexamination, reexamined claims would be even less likely to apply to any Defendant's products.

[8]     The Apple litigation was dismissed on February 19, 2010 (D.I. 43 Ex. D), whereas the reexamination certificate did not issue until May 10, 2011 (D.I. 1 Ex. B).

[9]     In *In re Seagate Technology, LLC*, the Federal Circuit "abandon[ed] the affirmative duty of due care" standard in favor of an objective recklessness requirement for proving willful infringement.  497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

*EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).  The "facts" which MONEC has added to its FAC relate solely to Defendants' purported knowledge of the Reexamined '678 Patent (*see* D.I. 45 at 11), but do not address these other required elements.  *Air Vent, Inc. v. Owens Corning Corp.*, No. 10-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing induced infringement claims for failure to plead the separate "specific intent" element); *see also Rovi*, 2012 WL 261982, at *2 (dismissing induced infringement claims where plaintiff pled "***no facts*** . . . that would warrant a conclusion that the infringement was done … intentionally," and "***no facts*** to support the claims that [defendant] induced others to infringe"); *Via Vadis,* 2012 WL 261367, at *3 (same); *Finjan, Inc. v. McAfee, Inc.*, No. 10-593, slip op. at 2 n.3 (D. Del. Jan. 24, 2012) (Exhibit A) ("a plaintiff pleading an indirect infringement action ***must demonstrate*** … that the defendant possessed the requisite knowledge or intent to be held vicariously liable" (internal quotation omitted)); *TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*, No. 00-432, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (dismissing inducement claim based on plaintiff's "fail[ure] to adequately set forth facts to meet the intent element").[10]

The FAC does not provide any facts to support an allegation that Defendants knew their activities were infringing or that they specifically intended to induce infringement of the Reexamined '678 Patent.  Instead, MONEC collapses the analysis, essentially asserting that the Court can infer those required elements from Defendants' purported knowledge of the

---

[10]    MONEC ignores this authority and instead cites two cases from other jurisdictions to contend that its allegations are sufficient.  Moreover, *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.* is distinguishable because plaintiff alleged that the defendants had "intimate knowledge" of the patents in suit.  No. 10-3428, 2011 WL 1044899, at *7 (N.D. Cal. Mar. 23, 2011).  Specifically, an individual defendant ("Chen") who was the founder of defendant A10 Networks, had also been a co-founder of one of the plaintiffs ("Foundry") and had supervised the named inventors of the patents-in-suit while at Foundry.  *Id.* at *1.  *Brocade* also involved claims of trade secret misappropriation, unfair competition, and various contract based claims.  *Id.*

Reexamined '678 Patent. (*See* D.I. 45 at 10-12). This is not the law. Because MONEC has alleged no facts that could plausibly support a claim that the other elements of induced infringement are met, those claims should be dismissed.

### B. MONEC Fails to State A Plausible Claim of Contributory Infringement

As with induced infringement, MONEC once again conflates the requirement that it plead knowledge of the patent-in-suit with all other elements of contributory infringement. MONEC alleges no facts that could plausibly support a claim "that each Defendant *knew* its product to be especially made or adapted for use to infringe the patent." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 695 F. Supp. 2d 680, 686 (S.D. Ohio 2010) (emphasis in original); *accord Finjan*, slip op. at 2 n.3 (recognizing that a plaintiff alleging contributory infringement "*must demonstrate*" "that the infringer knew that some combination for which his component was especially designed was both patented and infringing" (internal quotation omitted)).

MONEC incorrectly asserts that it is not required to plead and support the individual elements of a claim for contributory infringement. (D.I. 45 at 13).[11] This Court has imposed such a requirement, however, for indirect infringement claims. *See, e.g., Rovi*, 2012 WL 261982, at *2 (dismissing induced infringement claims where plaintiff failed to plead facts showing intent to infringe or that plaintiff induced infringement); *Via Vadis*,, 2012 WL 261367,

---

[11]     *Sony Corp. v. LG Electronics U.S.A., Inc.,* 768 F. Supp. 2d 1058, 1063 (C.D. Cal. 2011), which MONEC cites, does not support its position. (D.I. 45 at 13). There the plaintiff had alleged that the defendants had actual notice of all but one of the patents-in-suit prior to the filing of the lawsuit. *Id.* at 1060. Moreover, *Sony* recognized the split in authority as to whether *Twombly* and *Iqbal* require a plaintiff to plead facts other than knowledge in support of a contributory infringement claim. *Id.* at 1063. As discussed above, this Court has imposed such a requirement for indirect infringement claims.

at *3 (same); *ONDEO Nalco Co. v. EKA Chems., Inc.*, No. 01-537, 2002 WL 1458853, at *1 (D. Del. June 10, 2002) (dismissing indirect infringement claims for failure to allege direct infringement by a third party); *TI Grp.*, 2002 WL 484838, at *2 (dismissing inducement claim based on plaintiff's failure to allege facts supporting intent element). Because the FAC contains no factual allegations that support MONEC's conclusory allegations that the Defendants knew their products were especially made or especially adapted for use in an infringement of the Reexamined '678 Patent, those contributory infringement claims must be dismissed.

## IV.   MONEC FAILS TO STATE A PLAUSIBLE CLAIM OF WILLFUL INFRINGEMENT

As discussed above, MONEC has not and cannot sufficiently plead that Defendants knew of the Reexamined '678 Patent prior to this lawsuit, as is required for willful infringement. *Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd*., No. 09-948, 2011 WL 665439, at *2 (E.D. Wisc. Feb. 14, 2011) (a plaintiff must provide a "pleading equivalent to with knowledge of the patent and of his infringement" to survive a motion to dismiss (citation omitted)). In fact, MONEC has not pled any facts from which the Court could even infer willfulness. *See Rovi*, 2012 WL 261982, at *2 (finding that "[t]here are simply ***no facts plead*** to advise [defendant] . . . what actions [it] took ***that would warrant a conclusion that the infringement was done willfully*** or intentionally"); *Via Vadis*, 2012 WL 261367, at *3 (same). MONEC's only allegations regarding willful infringement are that:

> Upon information and belief, and, with full knowledge of the '678 Patent, as reexamined, [the Defendants] willfully and wantonly infringed the Reexamined '678 Patent in deliberate and intentional disregard of MONEC's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

(D.I. 34 at ¶ 45; *see also* ¶¶ 71, 100). Even assuming that MONEC's allegations were sufficient to plausibly state a claim that Defendants had knowledge of the Reexamined '678 Patent,

MONEC pleads no facts explaining what actions the Defendants took that could "warrant a conclusion that the infringement was willful." *Via Vadis*, 2012 WL 261367, at *3.

Because MONEC has not stated a plausible claim of pre-suit knowledge of the Reexamined '678 Patent, and has not pled any facts that would warrant a conclusion that the Defendants' infringement was willful, MONEC's willful infringement claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss MONEC's claims for induced, contributory and willful infringement of the '678 Patent with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Motorola Mobility, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for HTC Corp., HTC America, Inc.
and Exedea, Inc.*

- 10 -

FISH & RICHARDSON P.C.

*/s/ Linhong Zhang*

_____
Douglas E. McCann (#3852)
Linhong Zhang (#5083)
222 Delaware Avenue
P.O. Box 1114
Wilmington, DE 19899
dmccann@fr.com
lwzhang@fr.com
(302) 652-5070

*Attorneys for Samsung Electronics America, Inc.*
*and Samsung Electronics Co., Ltd.*

February 16, 2012
5319545