# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Stephen J. Kraftschik
302 351 9378
302 498 6233 Fax
skraftschik@mnat.com

August 15, 2014

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
844 North King Street – Unit 14, Room 3124
Wilmington, DE 19801

*VIA ELECTRONIC FILING*

Re: *Monec Holding AG v. Motorola Mobility Inc., et al.*, C.A. No. 11-798 (LPS) (SRF)

Dear Judge Fallon:

     HTC Corporation and HTC America, Inc. ("HTC") respectfully move the Court for an order striking Monec's opening summary judgment and *Daubert* papers (D.I. 348 – 356) for failure to comply with the Court's briefing limits. In particular, Monec's Motion for Partial Summary Judgment and Motion Pursuant to *Daubert* to Exclude Testimony of Dr. Robert Akl with Respect to Non-Infringement Defenses of Remaining Defendants (including the supporting brief) (D.I. 351 and 352) contains no analysis or explanation of how each claim limitation of the asserted claims purportedly reads on each of HTC's accused products. It instead essentially incorporates by reference the 272-page infringement chart set forth in Exhibit 1, and the Stubblebine Expert Report, in whole, set forth in Exhibit 2, as the actual arguments. (D.I. 353, Exs. 1 and 2.) This attempt to refer the Court to exhibits for arguments and analysis improperly and unfairly circumvents the Court-ordered page limits. The 272-page infringement chart set forth in Exhibit 1 is a part of Monec's briefs, despite Monec's protestations to the contrary, thus rendering the briefs far in excess of the court-ordered page limits. As a result, Monec's opening briefs should be stricken.[1]

     At the previous hearing on Monec's Motion to Strike, the parties agreed to, and the Court ordered that the parties comply with, Chief Judge Stark's revised patent procedures for the upcoming summary judgment and *Daubert* motions. (6/24/14 Hearing Tr. 38:16-42:24.) Judge Stark's procedures allow for a total of 50 pages for opening briefs, 50 pages for responsive briefs, and 25 pages for reply briefs across all dispositive and *Daubert* motions filed. On July 30th, Monec served its summary judgment and *Daubert* motions on HTC, which included 21 pages of briefing regarding infringement, a 7-page supporting declaration, a 272-page infringement chart purporting to show Monec's factual evidence that it alleges is undisputed, the

---

[1] HTC understands that Judge Stark's Revised Procedures for Managing Patent Cases (rev. 6/8/14) require a moving party to attach documents to be stricken but has not attached those documents here because it understands that the Court has already received and has access to the voluminous documents that Monec filed on the docket. HTC would be happy to re-file and deliver to the Court the relevant documents if the Court so desires.

Stubblebine expert report, and 42 other exhibits, for a total of 3,163 pages alone on infringement. (D.I. 351 – 353.)

Monec's infringement motion seeks both an order of summary judgment of infringement and an order excluding the testimony of HTC's technical expert, Dr. Robert Akl, under *Daubert*. Despite this portion of the briefing being only 21 pages long, the entirety of Monec's purported infringement analysis and argument spans a mere 8 pages. (D.I. 352 at 6-14.) In those scant 8 pages Monec purports to show that summary judgment of literal infringement should be entered for nine Accused Devices across ten asserted claims. This is because the actual arguments and analysis are all in the attachments, not the brief. For example, as support for claim 1, the only independent claim, Monec's entire argument in the infringement brief is:

> "As set forth at Exhibit 1 of the Moore Declaration, Defendants' Accused Devices are admitted by Defendants, through their corporate designees and in their own documents, to incorporate all of the elements of Claim 1 of the '678 Monec patent. *See also*, Ex. 2, Stubblebine Report). [sic]" (D.I. 352 at 10.)

All of the analysis and argument is in the attached 272-page chart purporting to identify the arguments and evidence that Monec relies upon for a finding of summary judgment, as well as the Stubblebine expert report, which is cited as a whole. (D.I. 353, Exs. 1 and 2.) Monec does not mention, let alone analyze, any of that supposed evidence within the body of the infringement brief. As Judge Stark recently recognized in finding that a movant had failed to comply with his briefing order, exhibits attached to summary judgment briefing, similar to Monec's infringement chart, are part of the "factual material, citations, and legal argument" that the nonmovant would have to respond to within the nonmovant's page limits. *British Telecommunications v. Google*, C.A. No. 11-1249-LPS, D.I. 302 (D. Del. Dec. 4, 2013) (Ex. A).[2]

If HTC were forced to respond to Monec's infringement contentions in the body of its brief, it could not possibly do so within the 50 pages allotted for its response even if it did not respond to Monec's two other motions, filed concurrently. (D.I. 348, D.I. 354.) Judge Andrews recently struck an appendix just like the charts Monec is trying to use, finding specifically that submitting extra evidence or analysis as part of "charts" attached to post-trial briefings was a violation of the briefing order. *Medicines Company Inc. v. Hospira, Inc.*, C.A. No. 09-750-RGA, Order (D. Del. Nov. 13, 2013) (Ex. C) (striking 47 page appendix attached to post-trial briefing as including additional information in violation of Court's briefing order); *see also Mosel Vitelic Corp. v. Micron Tech., Inc.*, C.A. No. 98-449-GMS, Order (D. Del. Dec. 9, 1999) (Ex. D) (striking 71-page chart appended to claim construction briefing and holding that "[t]he court will not consider arguments set forth in claim construction charts which were not contained within the briefs."). Moreover, Judge Stark has explicitly found that the use of charts as part of exhibits was prejudicial to the nonmoving party. Ex. A ("the Court finds that Plaintiff will be prejudiced if it is required to respond to Defendants fifty-six pages of factual material, citations, and legal

---

[2] Chief Judge Stark's order was a docket entry and thus did not contain all of the background facts regarding the challenged briefing. For the Court's convenience, attached as Exhibit B is the plaintiff's motion to strike, which provides the background description of the challenged briefing. C.A. No. 11-1249-LPS, D.I. 274 (D. Del. Dec. 4, 2013) (Ex. B)

argument in the forty pages allotted for its answering brief") (oral order).[3] HTC is similarly prejudiced here by Monec's violation of the Court's order. Monec will likely argue that this can be remedied by granting HTC more pages, but that would not serve the purposes of the briefing limits set by the Court. Nothing short of striking Monec's motions would suffice here.

HTC immediately objected to the length of Monec's summary judgment and *Daubert* briefs and the parties have attempted to resolve their dispute without court intervention. Following several meet and confers, Monec twice attempted to correct its brief, but neither proposed amended brief addressed HTC's concerns. Monec's first attempt to amend its briefing merely added pincites for Monec's purported evidence in support of its requested relief. This version still contained no explanation or analysis and still required review and analysis of Exhibit 1 to ascertain Monec's arguments. In a second attempt to amend its brief, Monec only added the following boilerplate language to its brief:

> "as the delineated deposition transcript testimony and documents set forth show direct device-component to claim-component correspondence in regard to the specified claim element to which they are appended, all of which claim elements of any particular claim making up in toto the entire language of the claim".

This additional language is merely cosmetic and provides no information to HTC or the Court as to Monec's argument or analysis. Instead, HTC and the Court must still labor through Exhibits 1 and 2 to see Monec's arguments.

Monec argues that its exhibits contain no argument or analysis, but merely a summary of its factual evidence. But the issue is that the brief contains no factual or legal evidence and Monec cannot rely on its exhibits to supply it. *See e.g., Sundquist Homes, Inc. v. County of Snohomish*, 276 F. Supp. 2d 1123, 1128 (W.D. Wash. 2003) ("Defendants' attempt to expand the allowable page limits by filing a twenty-four page memorandum with an appendix containing their statement of facts is unavailing. The Court has not considered 'Appendix A' to defendants' motion for summary judgment."); *see also British Telecommunications v. Google*, C.A. No. 11-1249-LPS, D.I. 302 at 2 (D. Del. Dec. 4, 2013) (Ex. A). Moreover, in the infringement chart on which Monec relies, Monec provides highlighting and places boxes around certain text, which HTC and the Court must then review. In order to respond, HTC would need to respond to all of this information and guess at Monec's arguments since none are provided within the body of the infringement brief. The Court would similarly need to review and guess at Monec's positions. This is a waste of HTC's and the Court's limited resources.

For the foregoing reasons, HTC respectfully requests that the Court enter an order striking Monec's opening summary judgment and *Daubert* briefs for failure to comply with the Court-ordered page limits.

---

[3] Chief Judge Stark did not strike the offending brief in the *British Telecommunications* case because it was only 16 pages over the 40 page limit applicable to that case. (*Id.*) Instead, he granted the nonmoving party an additional 16 pages to respond. (*Id.*) Here, that relief is impracticable given that Monec has incorporated into its briefing the entirety of the analysis in its 272-page infringement chart and 44-page expert report.

Respectfully,

*Stephen Kraftschik*

Stephen J. Kraftschik (#5623)

Enclosures
cc:  Clerk of the Court
     All Counsel of Record

8464326