IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONEC HOLDING AG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-798-LPS-SRF |
| | ) | |
| MOTOROLA MOBILITY, INC., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG ELECTRONICS, INC., | ) | |
| HTC CORP., HTC AMERICA, INC. and | ) | |
| EXEDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the court in this patent infringement action is a motion to strike plaintiff Monec Holding AG's ("Monec") opening summary judgment and *Daubert* papers, filed by defendants HTC Corporation and HTC America, Inc. ("HTC") on August 15, 2014.[1] (D.I. 387) For the following reasons, the motion to strike is granted. Monec may file its amended briefs and exhibits within fourteen (14) days of the date of this ruling.

### II. BACKGROUND

Monec initiated the instant action on September 9, 2011, asserting infringement of United States Patent No. 6,335,678 ("the '678 patent"), entitled "Electronic Device, Preferably an

---

[1] The court will treat HTC's motion as a non-dispositive matter, resolved pursuant to 28 U.S.C. § 636(b)(1)(A) and D. Del. LR 72.1(a)(2). *See Lambda Optical Solutions, LLC v. Alcatel-Lucent USA Inc.*, C.A. No. 10-487-RGA-CJB, 2013 WL 1776104, at *1 n.1 (D. Del. Apr. 17, 2013) (explaining that "the Court will consider [plaintiff] Lambda's [motion to strike], which seeks to prevent [defendant] Alcatel from asserting a specific theory of non-infringement, as a non-dispositive issue" (citations omitted)).

1

Electronic Book." (D.I. 1) Monec filed its first amended complaint on December 19, 2011, alleging that a number of accused products infringe the reexamined '678 patent. (D.I. 34 ¶¶ 22-100) On July 30, 2014, Monec filed several *Daubert* motions and motions for summary judgment, including: (1) a motion to exclude the opinions and testimony of HTC's damages expert, (2) a motion for partial summary judgment and to exclude the testimony of Dr. Robert Akl, and (3) a motion for partial summary judgment or, in the alternative, to exclude the testimony of Dr. Timothy Williams. (D.I. 348; D.I. 351; D.I. 354) Case dispositive motions are to be fully briefed by October 3, 2014. (D.I. 392) On August 15, 2014, HTC filed the instant letter motion to strike Monec's opening briefs in support of its motions for summary judgment and to exclude the testimony of Dr. Robert Akl. (D.I. 387)

## III. DISCUSSION

In support of its motion, HTC contends that Monec improperly exceeded the page limits for its summary judgment briefing by including factual material, citations, and legal analysis in the attached exhibits. (D.I. 387 at 2) In response, Monec alleges that the disputed exhibit simply summarizes the other exhibits contained in the record and contains no legal analysis. (D.I. 389 at 1-2). Even if the court were to credit HTC's allegations, Monec contends that striking all of its motion papers is unnecessary, and proposes that the court strike only the disputed exhibit and permit Monec to amend its opening brief and declaration. (*Id.* at 4)

This court has recognized the impropriety of including legal analyses in charts attached as exhibits to the briefing, as opposed to including them in the briefing itself, for purposes of circumventing page limitations. *See British Telecommc'ns v. Google*, C.A. No. 11-1249-LPS, D.I. 302 (D. Del. Dec. 4, 2013); *Medicines Co. Inc. v. Hospira, Inc.*, C.A. No. 09-750-RGA, D.I. 814 (D. Del. Nov. 13, 2013); *Mosel Vitelic Corp. v. Micron Tech., Inc.*, C.A. No. 98-449-GMS,

Order (D. Del. Dec. 9, 1999). Although Monec alleges that Exhibit 1 to the Moore Declaration contains only facts and citations, as opposed to legal argument, the chart is comparable to the exhibits that were found to contain legal argument and improperly exceed the page limitations in *British Telecommc'ns v. Google* and *Medicines Co. Inc. v. Hospira, Inc.* (C.A. No. 11-1249-LPS, D.I. 270; C.A. No. 09-750-RGA, D.I. 810 at Ex. 3) The infringement portion of Monec's opening brief contains no legal analysis, and HTC must refer to Exhibit 1 of the Moore Declaration to respond to Monec's submissions. (D.I. 352 at 7-14)

HTC is prejudiced by Monec's improper reliance on Exhibit 1 of the Moore Declaration to convey its legal arguments because HTC must respond to the 272-page exhibit within the briefing page limitations established by the court. For these reasons, the court will grant the motion to strike and offer Monec an opportunity to file amended opening briefs and supporting documents.[2] *See Medicines Co. Inc. v. Hospira, Inc.*, C.A. No. 09-750-RGA, D.I. 814 at n.2 (D. Del. Nov. 13, 2013) ("The Hospira materials are not 'parts of the record.' They are Hospira's analysis of the record offered in support of their arguments."). Monec may file its amended submissions within fourteen (14) days of the date of this Memorandum Opinion and Order. At this time, the court will not entertain requests for extensions of the page limitations[3] absent

---

[2] The parties met and conferred several times in an attempt to resolve this issue without court intervention. (D.I. 389 at 1) Despite these communications and Monec's alleged attempts to remedy its brief, Monec failed to incorporate legal analyses in the body of its brief, instead referring the court to Exhibit 1 of the Moore Declaration. (D.I. 352 at 10) ("As set forth in Exhibit 1, user documentation establishes that each of the claim elements recited in Claim 3 are found in Defendants' Accused Devices."). In the interest of reaching the merits of the issues, the court grants Monec leave to amend its briefs and supporting documents. Failure to include substantive legal arguments in the infringement portion of the opening brief may result in the submission being stricken from the record and, possibly, the waiver of any arguments raised within the filing.

[3] Due to the collective page limitations for summary judgment and *Daubert* motions, the court strikes Monec's collective briefs and grants leave to amend to provide Monec with an opportunity to reallocate its use of those pages.

compelling reasons jointly presented by the parties. (6/24/14 Tr. at 40:10 – 41:9) (parties noted that they were agreeable to the page limitations established by the court).

## IV. CONCLUSION

For the foregoing reasons, HTC's motion to strike (D.I. 387) is granted. Monec may amend its opening summary judgment and *Daubert* papers within fourteen (14) days of the entry of this Memorandum Opinion. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 5, 2014

Sherry R. Fallon
United States Magistrate Judge