IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEC HOLDING AG,<br><br>          Plaintiff,<br><br>     v.<br><br>MOTOROLA MOBILITY, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS, CO., LTD., HTC CORP, HTC AMERICA, INC., and EXEDEA, INC.<br><br>         Defendants. | C.A. No. 11-798-LPS-SRF<br><br><br><br>**REDACTED - PUBLIC VERSION** |

**PLAINTIFF MONEC HOLDING AG'S MEMORANDUM OF LAW IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF DR. TIM WILLIAMS, ON THE ISSUES OF OBVIOUSNESS, ENABLEMENT AND ANTICIPATION**

PROCTOR HEYMAN, LLP.
Dominick T. Gattuso (#3630)
dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Plaintiff Monec Holding AG*

Of Counsel:
KELLEY DRYE & WARREN LLP
Steven J. Moore
smoore@kelleydrye.com
Elizabeth W. Swedock
eswedock@kelleydrye.com
400 Atlantic Street
Stamford, Connecticut 06901
(203) 324-1400

KELLEY DRYE & WARREN LLP
Geoffrey W. Castello
gcastello@kelleydrye.com
Vincent P. Rao II
vrao@kelleydrye.com
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Dated: September 19, 2014  - Original Filing Date

Dated: September 26, 2014 - Redacted - Public Version

# TABLE OF CONTENTS

**Page**

I.   SUMMARY JUDGMENT AND EXCLUSION OF TESTIMONY UNDER
*DAUBERT* ON ISSUES OF VALIDITY IS APPROPRIATE WHEN THE NON-
MOVANT CANNOT PREVAIL ON ITS DEFENSE BASED ON A FAILURE
TO CONSIDER ALL REQUIREMENTS FOR SUCH DEFENSE................................. 1

   A.   Standard for Summary Judgment............................................................. 1

   B.   Standard for *Daubert* Motion................................................................. 1

   C.   The Burden of Proof on Validity Issues is On the Defendant and It Must
   be Done with Clear and Convincing Evidence ....................................... 1

   D.   Summary Judgment/Exclusion of Testimony is Appropriate When
   Proffered Expert Testimony Fails to Navigate the Patent Law's
   Substantive  Requirements Correctly...................................................... 3

II.  THE LEGAL INSUFFICENCY OF THE WILLIAMS REPORT WITH
RESPECT TO DEFENDANTS' ANTICIPATION, OBVIOUSNESS AND
ENABLEMENT DEFENSES REQUIRES SUMMARY JUDGMENT AND THE
EXCLUSION OF DR. WILLIAMS' TESTIMONY ON THE SAME ........................... 5

   A.   Dr. Williams Fails to Navigate the Patent Law's Substantive Requirements
   Correctly in Making His Invalidity Arguments ...................................... 5

      1.   Dr. Williams Fails to Navigate the Patent Law's Substantive
      Requirement for an Obviousness Defense by Failing to Address
      the Entirety of References in Any Combinations Specified, In
      Failing to Consider Whether the Combination of References Cited
      are Enabling, in Failing in His Open Report to Consider Secondary
      Indicia of Non-Obviousness, In Failing to Adjudge Motivation at
      the Time of the Invention, and In Reading Limitations into Claims
      That Do Not Exist to Find a Motivation to Combine ............................... 5

         a.   The law of obviousness.................................................. 5

         b.   Dr. Williams fails to analyze references as a whole ...................... 6

         c.   Dr. Williams fails to analyze references as to enablement
         before making his obviousness combinations................................ 8

         d.   Dr. Williams' failure to weigh the Graham factors in each
         of his obviousness analyses is a failure to navigate the
         standards ...................................................................... 9

         e.   Failure to consider the secondary indicia of non-
         obviousness in his opening report upon which his opinion
         rests .......................................................................... 9

         f.   Failure to navigate the standards for providing an
         appropriate motivation to combine ........................................ 10

      (1)     Dr. Williams fails to adjudge the motivation to combine from the time frame of the time of the invention, thus his entire motivation rationale is inadequate under the law .................................................. 10

      (2)     Dr. Williams reads telephony into claim 1 and 16, which is not an element of either claim, causing his motivation to combine GSM and proximity switches deficient............................................................... 11

2.     Dr. Williams Fails to Navigate the Patent Law's Substantive Requirement of an Enablement Defense by Directing His Analysis to the Wrong Time Frame Under the Law ............................................... 13

3.     Dr. Williams Fails to Navigate the Patent Law's Substantive Requirement of an Anticipation Defense By Failing to Address Whether the Prior Art References He Cites Are Enabled and Failing to Determine whether the Elements of the Prior Art are "Arranged or Combined in the Same Way as in the Claims" .................. 13

a.     Dr. Williams fails to navigate the patent law's substantive requirement of an anticipation defense by failing to address whether the prior art references he cites are enabling.................. 13

b.     Dr. Williams fails to navigate the patent law's substantive requirement of an anticipation defense by failing to address whether the elements said to exist in the reference are "arranged or combined in the same way as in the claim, and in failing to meet the standard for inherency. .............................. 14

c.     Dr. Williams recites to inherent disclosure for a receiving module for GSM chip or a SIM chip, but fails to show that the limitation is necessarily present as required for anticipation under inherency........................................................ 15

III.     CONCLUSIONS............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

C<span style="font-variant:small-caps">ASES</span>

*Alza Corp. v. Andrx Pharms., LLC,*
603 F.3d 935 (Fed. Cir. 2010)...........................................................................................3

*Anderson v. Liberty Lobby,*
106 S. Ct. 2505, 94 L.Ed.2d 292 (1986) ......................................................................3, 4, 5

*Biotec Biologische v. Simony, Inc.,*
249 F.3d 1341 (Fed. Cir. 2001)..........................................................................................6

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)........................................................................................................3, 4

*CFMT, Inc. v. Yieldup Intl, Corp.,*
349 F.3d 1333 (Fed. Cir. 2003).........................................................................................6

*Chiron Corp. v. Genentech Inc.,*
363 F.3d 1247, 70 USPQ2d 1321 (Fed. Cir. 2004) ..............................................................13

*Crown Operations Intl., Ltd. v. Solutia Inc.,*
289 F.3d 1367 (Fed. Cir. 2002)..................................................................................6, 9, 14

*Daubert v. Merrell Dow Pharms., Inc.,*
509 U.S. 579 (1993)...........................................................................................................1

*Eli Lilly v. Zenith Goldline,*
2001 WL 1397304 (S.D. Indiana)......................................................................................10

*Graham v. John Deere Co. of Kansas City,*
383 U.S. 1 (1966) ...................................................................................................... *passim*

*Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,*
655 F.3d 1291 (Fed. Cir. 2011)..........................................................................................6

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
909 F.2d 1464 (Fed. Cir. 1990)..........................................................................................2

*Hybritech, Inc. v. Monoclonal Antibodies, Inc.,*
802 F.2d 1367 (Fed. Cir. 1986), *cert. denied*, 107 S.Ct. 1606 (1987)...................................1, 2

*i4i LP v Microsoft Corp.,*
131 S. Ct. 2238 (2011).................................................................................................2, 10

*In re Arkley*,
   455 F.2d 586 (CCPA 1972) .........................................................................................14, 15

*In re Cyclobenzaprine*,
   676 F.3d 1063 (Fed. Cir. 2012).....................................................................................2, 3, 10

*In re Hayes Microcomputer Prod. v. Ven-tel, Inc.*,
   982 F.2d 1527 (Fed. Cir. 1992)......................................................................................10

*In re Meng*,
   492 F.2d 843, 181 USPQ 94 (CCPA 1974) ...................................................................6

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d. Cir. 1994)............................................................................................1

*In re Paulsen*,
   30 F.3d 1475 (Fed. Cir. 1994).......................................................................................14

*In re Sporck*,
   301 F.2d 686, 133 USPQ 360 (CCPA 1962) .................................................................6

*In re Wands*,
   858 F.2d 731 (Fed. Cir. 1988)........................................................................................13

*Inc. v. Ivax Pharms, Inc.*,
   501 F.3d 1263 (Fed. Cir. 2007)......................................................................................13

*Janssen Pharm., Inc. v. Watson Labs., Inc.*,
   No. 08-cv-5103, 2012 WL 3990221 (D.N.J. Sept. 11, 2012)........................................3

*Johnson v. 1VAC Corp.*,
   885 F.2d 1574 (Fed. Cir. 1989)......................................................................................1

*Kansas Jack, Inc. v. Kuhn*,
   719 F.2d 1144 (Fed. Cir. 1983)......................................................................................3, 6

*KSR International Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007) ......................................................................................9, 10, 11, 12

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)........................................................................................................1

*Natl. Presto Indus. v. West Bend Co.*,
   76 F.3d 1185 (Fed. Cir. 1996)........................................................................................2

*Net MoneyIn, Inc. v. Verisign Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008)......................................................................................14

*North American Vaccine v. American Cyanamid Co.*,
    7 F.3d 1571 (Fed. Cir. 1993)..................................................................................3

*Panduit Corp. v. Dennison Mfg. Co.*,
    774 F.2d 1082 (Fed. Cir. 1985)..............................................................................6

*Prohaska v. Sofamor, S.N.C.*,
    138 F. Supp. 2d 422 (W.D.N.Y. 2001) ..................................................................3

*Rolls-Royce, PLC v. United Technologies Corp.*,
    603 F.3d 1325 (Fed. Cir. 2010)..............................................................................9

*Rosemount, Inc. v. Beckman Instruments, Inc.*,
    727 F.2d 1540 (Fed. Cir. 1984)............................................................................10

*Sensonics, Inc. v. Aerosonic Corp.*,
    81 F.3d 1566 (Fed. Cir. 1996)..............................................................................10

*Sperry v. Florida*,
    373 U.S. 379  (1963) ..............................................................................................5

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
    247 F.3d 1316 (Fed. Cir. 2001)..............................................................................5

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    593 F.3d 1289 (Fed. Cir. 2010)..............................................................................9

*U.S. Surgical Corp. v. Ethicon, Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997)..............................................................................2

*Yamanouchi Pharm. V. Merck & Co.*,
    231 F.3d 1339 (Fed. Cir. 2000)............................................................................10

*Zenith Laboratories, Inc. v. Bristol-Myers Squibb Company*,
    19 F.3d 1418 (Fed. Cir. 1994)................................................................................7

*Eli Lilly v. Zenith Goldline*,
No. IP 99–38–C H/K, 2001 WL 1397304, *25 (S.D. Indiana Oct. 29, 2001) .................................10

## STATUTES AND MISCELLANEOUS REFERNCES

35 U.S.C. §102..........................................................................................................3

35 U.S.C §103.......................................................................................................3, 6, 9

35 U.S.C. §103(a)....................................................................................................11

35 U.S.C §112..........................................................................................................3

35 U.S.C. § 282 ................................................................................................................................2

Fed. R. Evid. 402 .............................................................................................................................4

Fed. R. Evid. 702 .............................................................................................................................4

I.     **SUMMARY JUDGMENT AND EXCLUSION OF TESTIMONY UNDER**
       ***DAUBERT* ON ISSUES OF VALIDITY IS APPROPRIATE WHEN THE NON-**
       **MOVANT CANNOT PREVAIL ON ITS DEFENSE BASED ON A FAILURE TO**
       **CONSIDER ALL REQUIREMENTS FOR SUCH DEFENSE**

     A.     **Standard for Summary Judgment**

Summary judgment is properly rendered when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); *see also Johnson v. 1VAC Corp*., 885 F.2d 1574, 1576-77

(Fed. Cir. 1989); *Hybritech, Inc. v. Monoclonal Antibodies, Inc*., 802 F.2d 1367 (Fed. Cir. 1986),

*cert. denied*, 107 S.Ct. 1606 (1987).

     B.     **Standard for *Daubert* Motion**

The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's

testimony both rests on *a reliable foundation* and is relevant to the task at hand."  *Daubert v.*

*Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (emphasis added); *see also Kumho Tire*

*Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  *Daubert* and Rule 702 of the Federal Rules of

Evidence require a trial judge to act as "gatekeeper," allowing the jury to hear only relevant and

reliable evidence. *See Kumho Tire*, 562 U.S. at 145 (1999).  The Third Circuit has explained that

"any step that renders the [expert's] analysis unreliable under the Daubert factors renders the

expert's testimony inadmissible." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d. Cir.

1994).  Dr. Williams' testimony is unreliable as he has failed to consider all needed elements for

a finding of obviousness, enablement and anticipation in his analysis.

     C.     **The Burden of Proof on Validity Issues is On the Defendant and It Must be**
       **Done with Clear and Convincing Evidence**

Under 35 U.S.C. § 282, patents are entitled to a statutory presumption of validity which

can be overcome only by "clear and convincing evidence." *U.S. Surgical Corp. v. Ethicon, Inc*.,

103 F.3d 1554, 1563 (Fed. Cir. 1997). In deciding a motion for summary judgment regarding patent validity, "the burden of proof must be considered." *Natl. Presto Indus. v. West Bend Co*., 76 F.3d 1185, 1189 (Fed. Cir. 1996) (affirming summary judgment that patent not invalid).

The burden of proof of establishing patent invalidity for any reason unquestionably falls on the party challenging a patent's validity.  *i4i LP v Microsoft Corp*., 131 S. Ct. 2238, 2244-45 (2011); *In re Cyclobenzaprine*, 676 F.3d 1063, 1078 (Fed. Cir. 2012).  And, in each case their proof must be based on clear and convincing evidence. *Hybritech, Inc. v. Monoclonal Antibodies, Inc*., 802 F.2d 1367, 1375, (Fed. Cir. 1986), *cert. denied*, 107 S. Ct. 1606 (1987). Moreover, where the prior art being relied upon to establish invalidity was before the Patent and Trademark Office ("PTO"), the burden of establishing invalidity is especially high. *Hewlett-Packard Co. v. Bausch & Lomb Inc*., 909 F.2d 1464, 1467 (Fed. Cir. 1990).

The "'burden of proof' encompasses the concepts of 'burden of persuasion' and `burden of production.' The burden of persuasion specifies 'which party loses if the evidence is balanced,' while the burden of production specifies 'which party must come forward with evidence at various stages in the litigation.'" *In re Cyclobenzaprine,* 676 F.3d at 1078 (emphasis added) (quoting *i4i*, 131 S. Ct. at 2245 n.4). The burden of proof and the burden of persuasion are used interchangeably to identify the party who must persuade a court or jury to prevail. *i4i*, 131 S. Ct. at 2245 n.4. "*That burden is constant and never changes*" as a patent is presumptively valid.  *Id.* at 2243 (emphasis added).  And, "the same party who has the burden of persuasion also starts out with the burden of producing evidence." *Id*. at 2248-49 (citing 21B Fed. Practice § 5122 at 401) (emphasis added).  There is no duty on the moving party who does not have the burden of proof to come forward with positive evidence negating the claims of the party having the burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Federal Circuit has expressly instructed that its opinions "should not be read to require a burden-shifting framework .., in disregard of where the burdens of and persuasion are properly placed in district court litigation." *In re Cyclobenzaprine*, 676 F.3d at 1079-80.  In "nearly 30 years ... the Federal Circuit has never wavered" on this.  *Id.*  Imposing a burden shift would disregard Supreme Court precedent.  "[T]he Supreme Court has never imposed nor even contemplated a formal burden-shifting framework in the patent litigation context." *Id.* at 1077-78.  ; *see also Janssen Pharm., Inc. v. Watson Labs., Inc.*, No. 08-cv-5103, 2012 WL 3990221, at *20 (D.N.J. Sept. 11, 2012) (declaring a burden-shifting argument without any basis in the law).

Summary judgment is particularly appropriate on the issues of validity under 35 U.S.C. § 112 regarding enablement and obviousness under 35 USC § 103, since they are wholly matters of law. *Alza Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 939 (Fed. Cir. 2010) (enablement); *North Am. Vaccine v. American Cyanamid Co.*, 7 F.3d 1571 (Fed. Cir. 1993) (same); (*Kansas Jack, Inc. v. Kuhn*,719 F.2d 1144 (Fed. Cir. 1983) (obviousness).  However, even questions of fact, such as issues of anticipation under 35 U.S.C. § 102, are subject to summary judgment when an essential element of the cause of action is left unconsidered by the party bearing the burden of proof. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 249-252 (1986).  Exclusion of testimony under *Daubert* is also appropriate when an essential element of a cause of action is left unconsidered by the expert who is to opine on the cause of action, as such testimony is unreliable. *See, e.g., Prohaska v. Sofamor, S.N.C.*, 138 F. Supp. 2d 422, 449 (W.D.N.Y. 2001).

> **D.     Summary Judgment/Exclusion of Testimony is Appropriate When Proffered Expert Testimony Fails to Navigate the Patent Law's Substantive <u>Requirements Correctly</u>**

Fed. R. Civ. P. 26(a)(2)(B)(i) requires a written report of witnesses retained or specially employed to provide expert testimony in the case, such report which must contain a <u>complete statement</u> of all opinions the witness will express <u>and the basis and reasons for them</u>.  Proffered

expert testimony that fails to address the substantive requirements of patent law in respect of any claim of invalidity, including anticipation, obviousness, and enablement, has little or no probative value, and should be excluded testimony pursuant to Fed. R. Evid. 402 and 702 (the latter requiring testimony to be based on sufficient facts or data and the product of reliable principles and methods; and that the testimony demonstrate the expert has reliably applied the principles and methods to the facts of the case).

In particular, two 1986 Supreme Court decisions make clear that summary judgment is appropriate when a party fails to navigate the patent laws substantive requirements for a cause of action. In the first, *Anderson v. Liberty Lobby*, the Court made it clear that summary judgment is appropriate when "a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 249-252 In its second 1986 summary judgment decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the U.S Supreme Court stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment…
> against a party who fails to make a showing sufficient to establish the existence of
> an element essential to that party's case, and on which the party will bear the
> burden of proof at trial… In such situation, there can be 'no genuine issue as to
> any material fact,' since a complete failure of proof concerning an essential
> element of the nonmoving party's case necessarily renders all other facts
> immaterial.

*Id.* at 322.  The Court made clear that it does not make any difference who files a motion for summary judgment.  Further, the Federal Circuit has made clear that not only is summary judgment appropriate where the proof of an invalidity element in an expert report is deficient in meeting an essential part of the legal standard, but that the failure in proof in respect of a single element necessary to prove a defense or cause of action renders all other facts immaterial. *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1323 (Fed. Cir. 2001).

**II.    THE LEGAL INSUFFICENCY OF THE WILLIAMS REPORT WITH RESPECT TODEFENDANTS' ANTICIPATION, OBVIOUSNESS AND ENABLEMENT DEFENSES REQUIRES SUMMARY JUDGMENT AND THE EXCLUSION OF DR. WILLIAMS' TESTIMONY ON THE SAME**

**A.    Dr. Williams Fails to Navigate the Patent Law's Substantive Requirements Correctly in Making His Invalidity Arguments**

In  some cases clearly not being provided with the full requirements for making a case of invalidity under the relevant statutory bar, in others being provided incorrect direction as to the substantive standards for making out a case of invalidity, and yet in others, by simply ignoring certain substantive requirements specified by his counsel in making his invalidity arguments, Dr. Williams' report is clearly deficient in failing to navigate the patent law's substantive requirements with respect to obviousness, enablement, and anticipation.  This is irrespective of the fact that Dr. Williams can clearly be charged with an independent legal expertise in the patent law, as he is a patent agent admitted to practice before the USPTO, a practitioner that the Supreme Court in *Sperry v. Florida*, 373 U.S. 379  (1963) found was practicing law.

1.    Dr. Williams Fails to Navigate the Patent Law's Substantive Requirement for an Obviousness Defense by Failing to Address the Entirety of References in Any Combinations Specified, In Failing to Consider Whether the Combination of References Cited are Enabling, in Failing in His Open Report to Consider Secondary Indicia of Non-Obviousness, In Failing to Adjudge Motivation at the Time of the Invention, and In Reading Limitations into Claims That Do Not Exist to Find a Motivation to Combine

a.    The law of obviousness

Obviousness under 35 U.S.C. § 103 is a question of law.  *Kansas Jack, Inc. v. Kuhn*, 719 F.2d 1144, 1150 (Fed. Cir. 1983).  By definition, every claim limitation must be disclosed in at least one of the prior art references that are being combined. If the prior art fails to disclose one or more limitations, the claim is not obvious as a matter of law.  *See, e.g., CFMT, Inc. v. Yieldup Intl, Corp*., 349 F.3d 1333, 1342 (Fed. Cir. 2003). The fact that an invention is simple does not

indicate obviousness, in fact some of the best inventions of all time (*e.g.* barbed wire) are extraordinarily simple.  *See In re Sporck*, 301 F.2d 686, 133 USPQ 360, 363 (CCPA 1962); *In re Meng*, 492 F.2d 843, 181 USPQ 94, 97 (CCPA 1974).  Where the relevant facts are not in dispute, it is appropriate to resolve the question of obviousness on summary judgment.  *See, e.g., Crown*, 289 F.3d at 1375 (affirming summary judgment of non-obviousness); *Biotec Biologische v. Simony, Inc.*, 249 F.3d 1341, 1354-55 (Fed. Cir. 2001) (same)

        b.      Dr. Williams fails to analyze references as a whole

Even when some parts of a reference teach toward a claimed invention, other parts may teach away.  They must all be considered. "The well-established rule of law is that each prior art reference must be evaluated as an entirety…."[1]  While Dr. Williams recognizes the critically of doing the same in his report, he fails to take the entire reference into account in his analysis. (*See* Williams Rpt. at 101, 105, 112).[2]  Indeed, in his deposition of April 24, 2014, Dr. Williams demonstrates his fundamental failure in this task by believing that a proper comparison can be made between the claims of a reference and the claims of the Monec claimed embodiments,[3] rather than the whole of the reference against the claims seeking to be invalidated:



---

[1]     *Panduit Corp. v. Dennison Mfg. Co*., 774 F.2d 1082, 1093-94 (Fed. Cir. 1985) (citing *In re Kuderna*, 426 F.2d 385, 390 (CCPA 1970)); *accord Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc*., 655 F.3d 1291, 1305 (Fed. Cir. 2011) (citing *Panduit Corp. v. Dennison Mfg. Co*., 810 F.2d 1561, 1568 (Fed. Cir. 1987)).

[2]     References to the "Williams Rpt." refers to the January 31, 2014 Opening Expert Report of Dr. Tim Williams attached to the accompanying Moore Declaration as Exhibit 15.

[3]     Relevant excerpts from the transcript of the April 24, 2014 deposition of Dr. Williams are attached to the Moore Declaration as Exhibit 16.



(Williams Dep. 230:8-25; 231:1-9 (emphasis added)). This is legal error which makes his entire obviousness testimony unreliable. *Cf., Zenith Laboratories, Inc. v. Bristol-Myers Squibb Company*, 19 F.3d 1418, 1425 (Fed. Cir. 1994) (where plaintiff's case was found insufficient under the law for comparing the accused product against proprietor's product rather than comparing the accused product against the claims).

Indeed, as noted in the testimony below, Dr. Williams repeatedly stated ██████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████[4]:



---

[4]      *Panduit Corp. v. Dennison Mfg. Co.*, 774 F.2d at 1093-94.



(Williams Dep. 226:16-21; 227:6-9; 229:14-18; 233:1-6 (emphasis added)).

Indeed  Accordingly, summary

judgment of non-obviousness and exclusion of his testimony on obviousness, is appropriate.

      c.      Dr. Williams fails to analyze references as to enablement before making his obviousness combinations

As is well-known to any patent practitioner, including patent agents, any cited, alleged

prior art must contain enough information to actually teach the claim limitations it is being cited

against. "In order to render a claimed apparatus or method obvious, the cited prior art as a whole

must enable one skilled in the art to make and use the apparatus or method."[5]  Irrespective, there

is no direction given by defendants' counsel in Dr. Williams report with respect to such a

requirement, nor does Dr. Williams use his own legal expertise as a patent agent to fill-in such a

requirement.  Nowhere in Dr. William's opening report, which is to set forth all opinions and

---

[5]    *Therasense, Inc. v. Becton, Dickinson and Co.*, 593 F.3d 1289, 1297 (Fed. Cir. 2010) (*citing Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir.1989)).

bases for his opinions in full, is there any consideration as to whether the references he is combining are enabled in themselves.  Accordingly, summary judgment of non-obviousness and exclusion of his testimony on obviousness is appropriate.

          d.      Dr. Williams' failure to weigh the *Graham* factors in each of his obviousness analyses is a failure to navigate the standards

Dr. Williams fails to specifically address the factual inquires that are required under *Graham v. John Deere*, 383 U.S. 1 (1966) regarding each combination that he recites as making one or more claims obvious, making defendants' Section 103 defense insufficient under the law:

> Obviousness is a question of law based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention as perceived before the time of invention; and (4) the extent of any objective indicia of non-obviousness.[6]

*Graham's* factual framework for determining obviousness has been reaffirmed in *KSR International Co. v. Teleflex Inc.*[7] As defendants, through Dr. Williams' testimony, have not dealt with all of the factual inquires that are required under *Graham* to make determinations of obviousness, summary judgment of non-obviousness and exclusion of his testimony is appropriate.

          e.      Failure to consider the secondary indicia of non-obviousness in his opening report upon which his opinion rests

*Graham* also set forth "secondary considerations" which can serve as evidence of nonobviousness.[8]  As recognized by Dr. Williams objective indicators of nonobviousness <u>must be considered</u> when evaluating validity.  (Williams Rpt, at 11, Moore Decl., Exhibit 15); *see*

---

[6]     *Rolls-Royce, PLC v. United Technologies Corp.*, 603 F.3d 1325, 1338 (Fed. Cir. 2010) (citing *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 881 (Fed.Cir.1998)); *see also Crown*, 289 F.3d at 1375.

[7]     550 U.S. 398 (2007).

[8]     *Id*. at 694.

*Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538 (Fed. Cir. 1983) ("evidence of secondary considerations may often be the most probative and cogent evidence in the record.")  These objective indicators include: copying of the invention; commercial success; recognition by the trade by licensing, voluntary termination of infringement, purchase of products from the patentee; and results of prior litigation. *Graham*, 383 U.S. at 694 This evidence is typically the most relevant evidence of all regarding nonobviousness. *See Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1546 (Fed. Cir. 1984).

"[A]ll evidence relevant to obviousness or non-obviousness [must] be considered, and be considered collectively." *In re Cyclobenzaprine*, 676 F.3d at 1077-78.  Indeed, when obviousness opinions lack analysis with respect to these so-called "secondary indicia" of non-obviousness, such opinions are considered incompetent under the law. *See Yamanouchi Pharm. v. Merck & Co.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000).[9]  There is no shifting of any burden (including the burden of persuasion and the burden of production) regarding obviousness. *i4i*, 131 S. Ct. at 2246-47; *In re Cyclobenzaprine*, 676 F.3d at 1078 n.5 and 1080 n.7.  Accordingly, patent challengers must propound opinions on commercial success with all other evidence related to alleged obviousness in their initial expert reports.  Accordingly, summary judgment of non-obviousness and exclusion of Williams' testimony on obviousness is appropriate.

   f. Failure to navigate the standards for providing an appropriate motivation to combine

    (1) Dr. Williams fails to adjudge the motivation to combine from the time frame of the time of the invention, thus his entire motivation rationale is inadequate under the law

---

[9] *See also Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1571 (Fed. Cir. 1996); *In re Hayes Microcomputer Prod. v. Ven-tel, Inc.*, 982 F.2d 1527, 1543 (Fed. Cir. 1992); *Eli Lilly v. Zenith Goldline*, No. IP 99–38–C H/K, 2001 WL 1397304, *25 (S.D. Indiana Oct. 29, 2001) (each finding an opinion on validity lacking consideration of the secondary indicia of obviousness to be incompetent).

As stated by the Supreme Court in *KSR*:

> [A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art… it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does.[10]

A factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon *ex post* reasoning. *See Graham*, 383 U.S. at 36 (warning against a "temptation to read into the prior art the teachings of the invention in issue" and instructing courts to "'guard against slipping into the use of hindsight'" (citation omitted)).[11] "Only God works from nothing. Men must work with old elements." Howard T. Markey[12], *Why Not the Statute*, 65 J. PAT. OFF SOC'Y 331 (1983). Obviousness is assessed from the perspective of a person of ordinary skill "at the time the invention was made,"[13], not from the present day perspective. Nowhere in Dr. Williams' report is it indicated that he looked at motivation for combination at the time of the invention. Accordingly, summary judgment of non-obviousness and exclusion of his testimony on obviousness is appropriate.

(2) Dr. Williams reads telephony into claim 1 and 16, which is not an element of either claim, causing his motivation to combine GSM and proximity switches deficient

Rationales for combining references help guard against hindsight bias. They help a court perform the obviousness analysis correctly — from the perspective of a person of ordinary skill

---

[10]   *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007).

[11]   *KSR*, 550 U.S. at 421.

[12]   Judge Markey was a Chief Judge of the Federal Circuit

[13]   35 U.S.C. §103(a)

in the art ("POSITA") *at the time of inv*ention, by showing a reason that would have prompted

that person at the time to combine the elements in the way of the claimed invention.[14]

Dr. Williams repeatedly ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████. (*See* Williams Rpt., Moore Decl., Exhibit 15, ██████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████). However, he fails to explain why a POSITA at the time of

the invention would have introduced GSM capability into a device that does not specify

telephony capability as in Claims 1 and 16.

Furthermore, Dr. Williams ████████████████████████████████████████████

████████████████████████████████████████████████████ (*See* Exhibits 1-9 to

Williams Report, Moore Decl. Ex. 15). ██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████. Accordingly, summary judgment of the non-

---

obviousness of Claim 1 and Claim 16, and exclusion of his testimony on obviousness of Claim 16 based on the Van Schyndel reference, is appropriate.

> 2. Dr. Williams Fails to Navigate the Patent Law's Substantive Requirement of an Enablement Defense by Directing His Analysis to the Wrong Time Frame Under the Law

All of Dr. Williams' arguments ██████████████████████████████████████████ ████████████████████████████████████████████████. This does not comport with the requirement for a showing of lack of enablement by the Federal Circuit as set forth *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988). It is clear that the state of the art existing at the filing date of the application is used to determine whether a particular disclosure is enabling as of the filing date. *Chiron Corp. v. Genentech Inc.,* 363 F.3d 1247, 1254, 70 USPQ2d 1321, 1325-26 (Fed. Cir. 2004) ("a patent document cannot enable technology that arises after the date of application").

Indeed, ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. (*Compare* Williams Rpt. ¶ 26 *with* ¶¶ 228-259, Moore Decl., Exhibit 15). This is the case, even though at one point in his report ████████████████████████████████████████████████ (*Id.* at ¶¶ 242-246). However, even in that instance, his actual analysis is directed to the priority date NOT the filing date. (*Id*). As enablement can change over time, summary judgment with respect to enablement and exclusion of his testimony on enablement is appropriate.

> 3. Dr. Williams Fails to Navigate the Patent Law's Substantive Requirement of an Anticipation Defense by Failing to Address Whether the Prior Art References He Cites Are Enabled and Failing to Determine whether the Elements of the Prior Art are "Arranged or Combined in the Same Way as in the Claims"

>> a. Dr. Williams fails to navigate the patent law's substantive requirement of an anticipation defense by failing to address whether the prior art references he cites are enabling

An opinion on anticipation that does not address whether the asserted prior art reference is enabling does not satisfy the substantive standard. *See, e.g., Forest Labs., Inc. v. Ivax Pharms, Inc.*, 501 F.3d 1263, 1268 (Fed. Cir. 2007); *see also In re Paulsen*, 30 F.3d 1475, 1479 (Fed. Cir. 1994). To anticipate a patent claim, a single prior art reference "must describe the patented subject matter with sufficient clarity and detail to establish that the subject matter existed in the prior art and that such existence would be recognized by persons of ordinary skill in the field of the invention." *Crown Ops. Intl., Ltd. v. Solutia Inc*., 289 F.3d 1367, 1375 (Fed. Cir. 2002).

As with his expert opinion on obviousness, Dr. Williams' opinion on anticipation, never looks into whether an asserted prior art reference is enabling or not. Thus summary judgment with respect to anticipation and exclusion of his testimony on anticipation is appropriate as Dr. Williams' anticipation defense fails for meeting the substantive standard.

        b.        Dr. Williams fails to navigate the patent law's substantive requirement of an anticipation defense by failing to address whether the elements said to exist in the reference are arranged or combined in the same way as in the claim, and in failing to meet the standard for inherency

A patent claim is invalid for anticipation only when *each and every limitation of the claim* is described in a single prior art reference. *Crown Ops. Intl.*, 289 F.3d at 1375. The reference itself must not only describe all elements, but describe the elements as "arranged or combined in the same way as in the claim." *Net MoneyIn, Inc. v. Verisign Inc.*, 545 F.3d 1359, 1370 (Fed. Cir. 2008); *see also In re Arkley*, 455 F.2d 586, 587 (C.C.P.A. 1972). Dr. Williams throughout his anticipation analyses fails to consider if a reference discloses each of the elements arranged or combined in the same way as in the claim. Thus, summary judgment regarding anticipation and exclusion of his testimony on anticipation is appropriate as his anticipation analysis fails to meet the substantive standard.

14

c.     Dr. Williams recites ███████████████████████ ███████████████, but fails to show that the limitation is necessarily present as required for anticipation under inherency

Disclosure of claim limitations must generally be explicit for a finding of anticipation, although under narrow circumstances a limitation may be regarded as "inherent" (even though not explicit) in a prior art reference. *Continenal Can Co. v. Monsanto*, 948 F.2d 1264, 1268 (Fed. Cir. 1991). In arguing that a limitation is "inherent," the patent challenger must show by clear and convincing evidence that the limitation was *necessarily present* in the prior art reference. *Id.* This means that inherency "may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Id.* (affirming summary judgment of no anticipation).

Throughout Dr. Williams' anticipation analyses



. Thus summary judgment with respect to anticipation and exclusion of his testimony on anticipation is appropriate as Dr. Williams' anticipation defense fails for meeting the substantive standard.

### III.   <u>CONCLUSIONS</u>

For all of the reasons set forth above, summary judgment and the exclusion of testimony of Dr. Williams under *Daubert* on the issues of obviousness, enablement, and anticipation are appropriate.

15

PROCTOR HEYMAN, LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Plaintiff Monec Holding AG*

OF COUNSEL:

KELLEY DRYE & WARREN LLP
Steven J. Moore
smoore@kelleydrye.com
Elizabeth W. Swedock
eswedock@kelleydrye.com
400 Atlantic Street
Stamford, Connecticut 06901
(203) 324-1400

KELLEY DRYE & WARREN LLP
Geoffrey W. Castello
gcastello@kelleydrye.com
Vincent P. Rao II
vrao@kelleydrye.com
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Dated: September 19, 2014

16